Our first case of the morning is Dewar v. Felmon. Mr. Van Zandt. May it please the Court. Your Honors, this morning I would like to focus my discussion on the issue of punitive damages, which I think is the dispositive issue in this case. As the Court recalls, during the trial, which was very short, the defense made a Rule 50 motion, at which point the trial court granted it and ruled that punitive damages could not go to the jury. The problem with this is the trial court's analysis was flawed. In particular, the trial court and the defense focused specifically on the question of whether or not there was ill will or spite in this case. However, the legal standard, specifically under Seventh Circuit Pattern Instruction 7.28, is not just malicious or ill will or spite, but it's a disjunctive question. There's also the issue of whether or not the defense conduct was in reckless disregard for the plaintiff's rights, which is defined as they simply did not care about plaintiff's rights. What's unique about this case is that at summary judgment, the court sui sponte determined to grant summary judgment to the plaintiff and also denied qualified immunity to the defendants on the issue of the false arrest. That's surprising. As I read through the trial transcript and the record in this case, I can't recall a very similar situation to that. So looking at the trial court's summary judgment ruling, which is on page appendix 11 of the plaintiff's brief, the trial court made two distinct findings that I found particularly interesting. The first was that under these circumstances, where there was a threat but no gesture, Illinois law and most federal law is abundantly clear that no rational juror could possibly find in a situation like this that the officers had probable cause to arrest the plaintiff, which is the primary consideration. In fact, as the trial court pointed out, there are several cases directly on point that hold the exact opposite. The trial court then went on to consider the question of qualified immunity and found that no reasonable officer could possibly believe that it was lawful to arrest the plaintiff under these circumstances. Now, leaving aside the specific facts of the case, the fact that the trial court found that probable cause not only did not exist as a matter of law, but also found that qualified immunity did not exist as a matter of law, takes us then to the question of, should the trial court then have allowed punitive damages to go to the jury? The question on a Rule 50 motion is whether or not any rational juror could possibly find punitive damages in this case. And that burden is on the defense, not the plaintiff. Here, we have two officers who, by all accounts, knew that there was no probable cause in the situation and yet chose to arrest the plaintiff in the first place. Now, looking at the specific facts, we also have a situation where these officers were called out on a very snowy, cold day to deal with a very minor issue, a dispute between neighbors. They attempted to resolve it, and when they couldn't, they threw up their hands and decided to arrest Mr. Duar for a crime that did not exist. Now, under these circumstances, it is very hard to say that there is no reasonable juror that could possibly find punitive damages. Will they actually assess punitive damages? I don't know. In what amount would it be? I don't know. But the point of this case and the point of this specific issue is that the jury was entitled to decide. It was not a situation where the trial court should have taken this away from the jury. Leaving aside the question of ill will or spite, which I think was the error in this case, was focusing entirely too much of that, the looking at the trial transcript, the defense did not actually argue the Rule 50 motion at the time. The trial court raised this issue and ruled on it without the benefit of briefing or argument. And in the trial court's ruling, which is contained on page 484 of the trial transcript, the trial court's focused specifically on the ill will or spite prong of this test. The trial court also did the same in the written ruling following trial when it reconsidered this issue. At no point does the trial court explain, nor does the defense explain, how no rational juror could find reckless disregard. Leaving aside those points, I think if the panel has no questions at this point, I would like to reserve the rest of my time for rebuttal. Counsel? Certainly, counsel. Thank you, Your Honor. Ms. Tischer. Good morning, Your Honors. May it please the court. Mr. DeWaar was arrested after his neighbor, Mr. Hoste, called 911 to report that Mr. DeWaar had threatened him. Mr. DeWaar spent a few hours in a holding cell. He suffered no physical injuries, property damage, or financial losses, and the charges against him were dropped a short time later. A jury awarded him $1 on his false arrest claim, and he is entitled to nothing more. This morning, I would like to take an opportunity to address Mr. opposing counsel's argument that the district court should have allowed the issue of punitive damages to go to the jury in this case. As we explained in our brief, Mr. DeWaar failed to present any evidence of any evil intent, ill will, spite, or any reckless indifference to Mr. DeWaar's rights on behalf of any of the defendant officers in this case. On the contrary, it is undisputed that the officers here, Officers Fellman and Officer Devine, merely responded to a complaint from Mr. Hoste that Mr. DeWaar had threatened him. When they arrived on the scene, they investigated the complaint. They spoke with both Mr. Hoste and Mr. DeWaar. They attempted to resolve the matter peaceably by encouraging Mr. DeWaar to apologize to Mr. Hoste. And they only arrested Mr. DeWaar after Mr. Hoste stated his wish to voluntarily and freely, stated that he wished to press charges. And while it is true that the officers believed they had probable cause, albeit mistakenly believed they had probable cause, there is no evidence that the lack of probable cause in this case would lead to an inference of ill will or reckless indifference for Mr. DeWaar's rights. I would also like to point out that Mr. DeWaar has acknowledged that he suffered no physical injuries. Again, he was in a holding cell only for a few short hours. And he acknowledged that there was never any force used against him on the part of any of the officers. And while Mr. DeWaar does argue in his reply brief that the lack of probable cause in this case, that the lack of probable cause, or I'm sorry, that malice may be inferred from the lack of probable cause, I would like to point out that that assertion comes from cases involving state law malicious prosecution. And Mr. DeWaar has failed to cite any authority that such a proposition is applicable in such cases under 1983 false arrest cases. I would also like to point out that that assertion was taken out of context. The courts, the Illinois courts, have explained in those cases that a lack of probable cause does not itself establish malice, but that the trier of fact may infer malice if there is no other evidence in the record, no other credible evidence to refute such an inference. And in this case, as we've explained, there's absolutely no evidence in the record whatsoever to demonstrate any ill will, reckless indifference to Mr. DeWaar's rights. Again, on the contrary, the evidence is merely that the officers responded to a complaint from Mr. Hostey, investigated that complaint, attempted to peaceably resolve the issue, and only arrested Mr. DeWaar after Mr. Hostey stated his wishes to press charges. The fact that there was no probable cause in this case itself cannot establish malice and does not support punitive damages. And as we explained in our brief, this court has explained that the question of the underlying merits of the 1983 action is a separate and distinct issue from the question of punitive damages, which is a state of mind. And while often the question of punitive damages does go to the jury, this court has stated that if there is absolutely no evidence from which a reasonable jury could infer that there was some sort of ill will or reckless disregard on the part of the defendant officers, that it is appropriate as a question of law for the court to decide. And if there are no further questions, for the remainder of the arguments, we will rest on our briefs. I see none. Thank you very much, counsel. We have an echo here. I'm sorry, Your Honor, is that my echo? It's very hard to tell whose echo it is. No echo is a good echo. Anything further, Mr. Van Zandt? Just briefly, I think I'd like to address three points the counsel raised. The first is counsel mentioned that the officers believe they had probable cause, and that's the basis for which they're opposing punitive damages. That's directly at odds with the trial court's finding in summary judgment, when the trial court specifically found that no reasonable officer under these circumstances could have believed that it was lawful for the defendant to be arrested under these circumstances. That in itself creates a problem, because if the defense is relying solely on the fact that they believed it was reasonable, then the comparable infirmant, it is reasonable to infer that they could not have believed that, based solely on the lack of probable cause. That leads to the second point. Counsel mentioned that Illinois courts specifically note that the finder of fact may infer malice from the lack of probable cause. If that's true, even leaving aside any other evidence in this case, if we assume for the sake of argument that Mr. DeWaar failed to present any other evidence that would support punitive damages, the mere fact that there was no probable cause should defeat a Rule 50 motion. Because any rational juror could infer that the lack of probable cause means that malice existed. And that moves on to the final point. Counsel mentioned repeatedly that Mr. DeWaar suffered no injuries. Assuming for the sake of argument that's true, the question of punitive damages has very little to do with the underlying merits of the case, as counsel mentioned. The question of punitive damages is instead whether or not the defendant should be punished for their conduct. And the injury that the plaintiff sustained is only one factor. There are six factors that are listed in the jury instructions. Among them are the relationship, the impact of the conduct on the plaintiff, the reprehensibility, and the relationship of any punitive damages award to the amount of actual harm the plaintiff sustained. So, while the fact that the jury only awarded $1 in compensatory damages to Mr. DeWaar may affect the amount of punitive damages that may ultimately be allowed to stand, that's a question for remitted or after trial. The question here, and the sole question on the punitive damages issue is whether or not the jury was entitled to resolve the issue, or whether the trial court erred by taking it away from the jury as a matter of law. Those three bases, I think, are probably the dispositive point in this case. There is some evidence, some evidence in this case, specifically the lack of probable cause, and of course the fact that no reasonable officer could have believed that it was lawful to arrest the plaintiff. That leads to the inevitable conclusion that the trial court should not have removed the issue of punitive damages from the jury. And that, of course, requires a new trial in this case. If there are no other questions on that issue, we would rest on our briefs. I believe this is the most important issue for the court to consider, and the dispositive one. Thank you very much, Mr. Van Zandt. The case is taken under advisement.